JESSICA A. BETLEY
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT  59403
119 First Ave. North, Suite 300
Great Falls, MT  59403
Phone:  (406) 761-7715
FAX:  (406) 453-9973
E-mail:   Jessica.Betley@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. RUEBEN FRIESEN, Defendant. | CR 14-10-GF-BMM<br><br>OFFER OF PROOF |
|---|---|

## THE CHARGE

The defendant, RUEBEN FRIESEN, is charged by Indictment with the crime of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b).

1

## PLEA

The government and the defendant, RUEBEN FRIESEN, have entered into a plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C). The government and defendant agree that a specific disposition of 20 months imprisonment, with no agreement as to any other term, such as supervised release or fine, is an appropriate resolution of this case.

The United States presented any and all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order for the defendant to be found guilty of travel with intent to engage in illicit sexual conduct, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant traveled into the United States; and

Second, the defendant's purpose in traveling into the United States was to engage in illicit sexual conduct.

The term "illicit sexual conduct" means (1) a sexual act (as defined in 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sexual act (as defined in section 1591) with a person under 18 years of age.

## PENALTY

The charge of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) carries a maximum punishment of 30 years imprisonment, a $250,000 fine, five years to a life term of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following: [1]

On January 14, 2014, agents posted advertisements in the "casual encounters" section of the Great Falls Craigslist website. They posted these advertisements in an attempt to target people in the Great Falls vicinity who were interested in engaging in sexually explicit conduct with children. One advertisement stated the availability of fictitious 11 year-old girl who wished to engage in illicit sexual conduct.

The defendant responded to this advertisement and began to communicate by e-mail with the agents. The e-mail conversations progressed over the next few

---

[1] The Offer of Proof does not encompass all of the proof that the United States would offer at trial. Rather, it includes the proof that would be necessary to support the elements of the charge to which the defendant is pleading guilty. The United States possesses, or may possess, other evidence which may be redundant to the evidence described above or otherwise unnecessary for this stage of the proceeding. The United States possesses, or may possess, other evidence which will more fully inform the Court as to the appropriate sentence. Neither the Court nor the defendant should consider this pleading as inclusive of all evidence known to the government or a self-imposed limitation on the evidence it may use in the future for purposes other than to support the entry of plea.

days. The agents specifically asked what the defendant would like to do to with the fictitious 11 year-old girl, and he responded that he desired to engage in "illicit sexual conduct" with the girl.

The defendant and the agents agreed to meet on January 17, 2014, at a truck stop in Great Falls. Prior to the encounter, law enforcement determined that the defendant lived in Canada and was employed as a truck driver for a livestock company. Agents arrested the defendant when he arrived at the truck stop and attempted to meet the fictitious 11 year-old inside the building.

Through further investigation, agents discovered the defendant had crossed from Canada into the United States at the Sweetgrass Port of Entry earlier that same day. The defendant told the agents he had sent e-mails responding to the Craigslist advertisement while he was in Canada, which was corroborated through computer and phone information.

The United States would have presented this evidence through the testimony of law enforcement, expert witnesses and lay witnesses.

DATED this 2nd day of March, 2015.

                MICHAEL W. COTTER
                United States Attorney


                /s/ Jessica A. Betley
                JESSICA A. BETLEY
                Assistant U.S. Attorney